UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MANNING HOOK,

    Plaintiff,

v.                                                        CASE NO. 8:17-cv-1099-T-23AAS

CORIZON CORRECTIONAL
HEALTHCARE, et al.,

    Defendants.
_____/

## **ORDER**

Thomas Manning Hook, a *pro se* plaintiff, sues (Doc. 1) the defendants under the Eighth Amendment for denial of medical treatment.[1] Hook moves (Doc. 2) to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits a proceeding *in forma pauperis* but which states, "the court shall dismiss [an action] at any time if the court determines that [the action] . . . fails to state a claim on which relief may be granted."[2]

---

[1] "[I]t appears that [Hook] is attempting to bring a claim for denial of medical treatment under the Eighth Amendment of the United States Constitution." (Doc. 5 at 2)

[2] "The action must be dismissed unless the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is 'plausible on its face.'" *Moore's Federal Practice*, Vol. 2, § 12.34[7][c] (3d ed. 2016).

A July 7, 2017 order directs Hook to amend the complaint to state a claim (Doc. 5 at 2),[3] orders Hook to submit a notarized affidavit of indigency, and warns Hook that "fail[ing] to timely file an amended complaint will result in a recommendation of dismissal."[4] (Doc. 5 at 5) Correctly recommending denial of Hook's motion and correctly recommending dismissal of this action, an August 25, 2017 report (Doc. 10) from the magistrate judge states that Hook failed to amend the complaint and failed to submit a notarized affidavit. More than fourteen days has passed, and no party objects. Accordingly, the report and recommendation (Doc. 10) is **ADOPTED**. Hook's motion (Doc. 2) to proceed *in forma pauperis* is **DENIED**, and this action is dismissed. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on September 21, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] The magistrate judge concludes that "[Hook's] claims are hard to follow and fail to comply with [Rule 8, Federal Rules of Civil Procedure]. . . . [Hook's] claims are too conclusory and fail to rise to the level of an Eighth Amendment violation." (Doc. 5 at 4)

[4] A July 18, 2017 order extends (Doc. 9) the July 31, 2017 deadline. (Doc. 5 at 5) "On or before August 21, 2017, Plaintiff shall file a renewed notarized Affidavit of Indigency and an amended complaint that states a cognizable claim and complies with the Federal Rules of Civil Procedure. Failure to timely file an amended complaint will result in a recommendation of dismissal." (Doc. 9 at 1)